IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DUSTIN SWEETLAND                                                                          PLAINTIFF

v.                                                Civil No. 2:17-CV-02153

DEPUTY FLORANCE                                                                          DEFENDANT

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's failure to obey a Court Order and to prosecute this case.

## I. BACKGROUND

On March 6, 2018, the Court entered an Order directing Plaintiff to provide the Court with

an address to serve Defendant Florance. (ECF No. 16). The Order noted that Defendant Florance

no longer worked at the Sebastian County Detention Center (SCDC), and the unexecuted summons

stated SCDC had no forwarding address available. Plaintiff was directed to provide this

information by March 27, 2018. (ECF No. 16). On March 22, 2018, Plaintiff filed a Motion to

Appoint Counsel (ECF No. 18), and a Motion asking the Court to Order Sheriff Hollenbeck to

provide service information for Defendant Florance. (ECF No. 17). These Motions were denied

(ECF Nos. 20, 21), and the Court entered a second Order directing Plaintiff to provide service

information for Defendant Florance. Plaintiff was directed to provide this information by May 1,

2018. (ECF No. 22). The Order was not returned as undeliverable. To date, Plaintiff has not

provided any response to the Order. Plaintiff provided the Court with a Notice of Address Change

on July 2, 2018, but has not provided any additional information regarding Defendant Florance.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case if a plaintiff fails to prosecute or fails to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 23rd day of July 2018.

_/s/ P. K. Holmes, III_

P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE